Docusign Envelope ID: FE8AD575-9A0F-4D20-BDF8-044F64D299D3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| POSH BEAUTY GROUP LLC as successor in interest to NEW LOOK LASER MEDICAL FRANCHISING, INC. d/b/a SKINOVATIO,<br><br>Plaintiff,<br><br>v.<br><br>MT & ZU VENTURES LLC, FAHAD ZUBERI, ANOOP MUMTANI, and SAAD ZUBERI,<br><br>Defendants. | Civil Action No. |

## VERIFIED COMPLAINT

Plaintiff, Posh Beauty Group LLC, as successor in interest to New Look Laser Medical Franchising, Inc. d/b/a Skinovatio, sues Defendants, MT & ZU Ventures LLC, Fahad Zuberi, Anoop Mumtani, and Saad Zuberi, and alleges:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a) as to claims asserted under the Lanham Act, 15 U.S.C. § 1051, et seq. This Court also has original jurisdiction over the claim of unfair competition pursuant to 28 U.S.C. § 1338(b).

2. This Court has original subject matter jurisdiction as to the claims other than those based on the Lanham Act, under 28 U.S.C. § 1367, because those claims are so related to the claims brought under the Lanham Act that they form a part of the same case or controversy.

3. Further, an actual justiciable controversy now exists between the parties, and the requested relief is proper under 28 U.S.C §§ 2201-2202.

4. Venue is appropriate in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and Defendants are subject to the court's jurisdiction with respect to this action in this district.

## PARTIES

5. Plaintiff, Posh Beauty Group LLC, as successor in interest to New Look Laser Medical Franchising, Inc. d/b/a Skinovatio ("Plaintiff" or "Skinovatio"), is a Wisconsin limited liability company, having a principal place of business in Cook County, Illinois.

6. Upon information and belief, Defendant, Saad Zuberi ("S. Zuberi"), is an individual residing in the State of Illinois.

7. Upon information and belief, Defendant, Fahad Zuberi ("F. Zuberi"), is an individual residing in the State of Illinois.

8. Upon information and belief, Defendant, Anoop Mumtani ("A. Mumtani," collectively with F. Zuberi and S. Zuberi, the "Guarantors"), is an individual residing in the State of Illinois.

9. Defendant, MT & ZU Ventures LLC ("MT & ZU," collectively with the Guarantors, "Defendants"), is an Illinois corporation, with its principal place of business in Cook County, Illinois.

## FACTS

**The Skinovatio Medical Spa System and Trademark**

10. Skinovatio is an established medical spa chain offering skin rejuvenation centers to the public.

11. Skinovatio licenses others to use its federally-registered trademark, SKINOVATIO MEDICAL SPA that is the subject of U.S. Trademark Registration Number 5905077 (the "Skinovatio Mark"), in the sale of goods and services.

12. Through the expenditure of time, skill, effort, and money, Skinovatio is the sole owner and has developed the Skinovatio Mark, which have been used in the development, organization, and operation of a System of medical spas offering skin rejuvenation services to the public.

13. Skinovatio has entered into franchise agreements for the right to sell certain products and services utilizing the Skinovatio Mark at various locations throughout the United States.

14. Skinovatio goes to great lengths to keep their trade secrets and proprietary information secret and out of the hands of the general public.

15. The foregoing registration is valid, subsisting, in full force and effect, and cover the goods and services identified in the registration certificates. The registration is incontestable under the Lanham Act, 15 U.S.C. § 1065. A copy of the certificate of registration for the Skinovatio Mark is attached hereto as <u>Exhibit A</u>.

16. The Skinovatio Mark has been used exclusively by Skinovatio, and its designated franchisees, in commerce in connection with the operation of Skinovatio businesses since November 2019. Since that time, Skinovatio has grown to nine (9) locations in multiple states (including Defendants' Formerly-Franchised Business in South Loop, Illinois).

17. The Skinovatio Mark has become a valuable asset of substantial and inestimable worth to Skinovatio. The Skinovatio Mark is a symbol of quality experience provided by Skinovatio. Skinovatio has a vital economic interest in protecting its name and the Skinovatio

Mark. The preservation and protection of its name and the Skinovatio Mark are essential to the maintenance of the quality of Skinovatio business, and the goodwill and reputation associated with them.

**Defendants Entered into the Franchise Agreement and the Owner's Guaranty Thereto**

18. On or about October 27, 2022, Skinovatio entered into a Franchise Agreement (the "Franchise Agreement") in connection with the operation of a Skinovatio spa at 1136 S Delano Court, Suite E201, Chicago Illinois 60605 (the "Formerly-Franchised Business" or the "South Loop Location"). A copy of the fully executed Franchise Agreement is attached hereto as <u>Exhibit B</u>.

19. On the same date, the Guarantors signed the Owner's Guaranty and Assumption of Developer's Obligations (the "Guaranty"), annexed as Schedule 3 to the Franchise Agreement.

20. During the term of the Franchise Agreement, Skinovatio agreed to provide Defendants with a license to use Skinovatio's system and trademarks in connection with the operation of a Franchised Business and to provide Defendants with certain assistance, products, supplies, materials, and manuals.

**Default and Termination of the Franchise Agreement**

21. In at least March 2025, Defendants became in default of the Franchise Agreement by, among other things, failing to make royalty payments for the months of November 2024, December 2024, January 2025, February 2025, March 2025, April 2025, and May 2025.

22. MT & ZU also failed to provide Skinovatio with its required financial statements in violation of Section 12.3 of the Franchise Agreement during the same time period.

23. Skinovatio's numerous attempts to address Defendants' non-payment included, but was not limited to, a Notice of Default on May 12, 2025 (the "Default Letter"). A copy of the

Default Letter is attached hereto as <u>Exhibit C</u>.

24. Despite being provided with ample notice and opportunity to cure pursuant to the Franchise Agreement, Defendants failed to cure their defaults.

25. Accordingly, on June 19, 2025, Skinovatio through counsel sent Defendants a Notice of Default and Termination of Franchise Agreement (the "Termination Letter"), wherein Plaintiff validly terminated the Franchise Agreement pursuant to Section 10.2.1 of the Franchise Agreement. A copy of the Termination Letter is attached hereto as <u>Exhibit D</u>.

26. Between June 19, 2025 (the date of the initial termination letter) and September 19, 2025, the Parties engaged in settlement discussions to potentially amicably resolve this matter. Those discussions were conducted with an express reservation of all rights under the Franchise Agreement.

27. When settlement failed, Plaintiff, through counsel, sent Defendants written confirmation of termination on September 19, 2025 (the "Termination Confirmation"). A copy of the Termination Confirmation is attached hereto as <u>Exhibit E</u>.

28. As a result of the valid termination of the Franchise Agreement, Defendants have numerous post-termination obligations they must fulfill (the "Post-Termination Obligations"), including, but not limited to:

(a) immediately cease to operate the Franchised Business and not thereafter, directly or indirectly, represent to the public or hold itself out as a present or former franchisee of Franchisor;

(b) cease to use the Trade Secrets or other Confidential Information, the System and the Marks, including, without limitation, all slogans, symbols, logos, advertising materials, stationery, forms, and any other items which display or are associated with the Marks;

(c) take such action as may be necessary to cancel or assign to Franchisor, at Franchisor's option, any assumed name or equivalent registration filed with state, city, or county authorities which contains the name

"Skinovatio Medical Spa" or any other Mark, and You shall furnish Franchisor with evidence satisfactory to Franchisor of compliance with this obligation within thirty (30) days after termination or expiration of this Agreement;

(d) pay all sums owing to Franchisor and any Affiliate, including all damages, costs, and expenses. These include, but are not limited to, reasonable attorneys' fees, with respect to litigation, arbitration, appellate, or bankruptcy proceedings, unpaid Royalty Fees, loss of future Royalty Fee payments incurred by Franchisor as a result of any early termination of this Agreement, and any other amounts due to Franchisor or any Affiliate; and

(e) immediately return to Franchisor the Operations Manual, Trade Secrets, and all other Confidential Information, including records, files, instructions, brochures, agreements, disclosure statements, and any and all other materials provided by Franchisor to You relating to the operation of the Franchised Business (all of which are acknowledged to be Franchisor's property).

<u>See</u> Franchise Agreement, § 17.1.

Docusign Envelope ID: FE8AD57F-9A0F-4D20-BDF8-044F64D299D3

29. As of the time of this filing, Defendants have continued to use the Skinovatio Mark in operating the Formerly Franchised Business. A medical spa continues to operate at the address of the South Loop Location, which is still advertised on Google:



(Last visited October 31, 2025).

Docusign Envelope ID: FE8AD57F-9A9F-4D20-BDF8-044F64D299D3

30. Defendants' Formerly-Franchised Skinovatio spa is still advertised (as open) on Yelp as well:



(Last visited October 31, 2025).



(Last visited October 31, 2025).

31. Notably, a Yelp review from October 6, 2025 confirms that Defendants' Formerly-

Franchised Skinovatio business is still providing medical spa services:



(Last visited October 31, 2025).

      32.    Moreover, in furtherance of Defendants' violative efforts, Defendants are continuing to use a booking software, Vagaro, to book clients for their Formerly-Franchised Skinovatio spa:





(Last visited October 31, 2025).

33. Defendants' failure to abide by the Post-Termination Obligations required under the Franchise Agreement, and continued use of the Skinovatio Mark and Skinovatio system, in connection with the operation of a medical spa offering competitive products and services at the site of the formerly-licensed Skinovatio spa has caused, and is continuing to cause, irreparable harm.

34. Given Defendants' deliberate, willful, and bad faith acts of trademark infringement, and pursuant to Section 23.11 of the Franchise Agreement, Plaintiff is entitled to recover their attorneys' fees under 15 U.S.C. § 1117(a).

35. Defendants have not voluntarily ceased their unlawful acts, thus necessitating the present lawsuit.

## COUNT I:
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a) and Common Law)
### (As to All Defendants)

36. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 hereof.

37. Skinovatio has spent substantial sums to promote, and has generated substantial revenue and recognition from, the Skinovatio Mark, which is distinctive.

38. The distinctive Skinovatio Mark has become impressed upon the minds of the trade and public and identifying Skinovatio products and services, as part of a developed medical spa chain, and consumers understand that marks and logos to indicate the source or origin of such products and services provided in connection with a medical spa experience.

39. Skinovatio has developed a large and valuable business system through its use of the Skinovatio Mark, and the reputation and goodwill in that mark is of great value to Skinovatio.

40. Defendants have used in commerce the Skinovatio Mark without Skinovatio's consent or authorization.

41. Such use of the Skinovatio Mark is likely to confuse consumers into believing that Defendants and their businesses are associated with, endorsed by, or sponsored by, Skinovatio when they are not.

42. Defendants' conduct constitutes false designation of origin, and unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a), and common law.

43. As a result of Defendants' willful and intentional acts, Skinovatio has incurred attorneys' fees and expenses.

44. Defendants have caused and, unless restrained by this Court, will continue to cause, irreparable harm, damage, and injury to Skinovatio.

45. Skinovatio has no adequate remedy at law.

### COUNT II:
### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)
### (As to All Defendants)

46. Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 hereof.

47. Skinovatio owns a federal registration for the Skinovatio Mark in connection with its Skinovatio medical spa operations, namely, U.S. Reg. No. 590507 (the "Registration").

48. The Registration serve as *prima facie* evidence of the validity of the registered mark and of Skinovatio's ownership of the Skinovatio Mark and exclusive right to use the marks in commerce pursuant to 15 U.S.C. § 1115(a).

49. Defendants have used a colorable imitation of the registered marks in connection with the sale, offering for sale, distribution, and advertising of spa services in a manner likely to cause confusion, or to cause mistake, or to deceive.

50. Defendants' conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51. Defendants' willful and intentional actions have caused, and unless restrained by this Court, will continue to cause irreparable harm and injury to Skinovatio.

52. Skinovatio has no adequate remedy at law.

## COUNT III:
## BREACH OF CONTRACT – INJUNCTIVE RELIEF
### (As to All Defendants)

53. Plaintiff realleges and incorporates by reference Paragraphs 1 through 52 hereof.

54. The Franchise Agreement is a valid contract executed by Skinovatio and Defendants.

55. The Franchise Agreement contains a non-competition provision under which Defendants, upon termination, must "immediately cease to operate [Defendants'] Business and shall not thereafter, directly or indirectly, represent to the public or hold itself out as a present or former franchisee of [Skinovatio]." See Exhibit B, at Section 17.1(a); see also Section 17.2.2(a).

56. The Franchise Agreement also provides that, upon termination, Defendants "must take such action as may be necessary to cancel or assign to [Skinovatio] or our designee, at our option, any assumed name or equivalent registration that contains the name or any of the words 'Skinovatio Medical Spa' or any other trademark of ours." See Exhibit B, at Section 17.1(c).

57. The Franchise Agreement also provides that, upon termination, Defendants must "cease to use the Trade Secrets, or other Confidential Information, the System and the Marks, including, without limitation, all slogans, symbols, advertising materials, stationery, forms, and other items which display or are associated with [the Skinovatio Mark]." See Exhibit B, at Section 17.1(b).

58. Defendants breached the Franchise Agreement by continuing to use the Skinovatio Mark following termination of the Franchise Agreement.

59. Defendants also breached the Franchise Agreement by continuing to operate a medical spa offering the same or similar products at the South Loop Location, in violation of the covenants contained in the Franchise Agreement.

60. As a direct result of Defendants' willful and intentional actions, the Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm and injury to Skinovatio.

## COUNT IV:
## BREACH OF CONTRACT - DAMAGES
### (As to All Defendants)

61. Plaintiff realleges and incorporates by reference Paragraphs 1 through 60 hereof.

62. Defendants' above-referenced actions, including their failure to pay Skinovatio past due amounts owed under the Franchise Agreement, including for services rendered for which royalties were not paid, constitute material breaches of both agreements.

63. As a direct result of Defendants' breaches, Skinovatio has been damaged in an amount to be proven at trial.

## COUNT V:
## BREACH OF CONTRACT – PERSONAL GUARANTY
### (As to the Guarantors)

64. Plaintiff realleges and incorporates by reference Paragraphs 1 through 63 hereof.

65. The Guaranty is a valid contract executed by Skinovatio and the Guarantors.

66. Pursuant to the Guaranty, the Guarantors are personally liable for any breaches of the Franchise Agreement by Defendants.

67. Defendants' above-referenced actions, including their failure to pay Skinovatio past due amounts owed under the Franchise Agreement, including for services rendered for which royalties were not paid, constitute material breaches of the Guaranty.

68. As a direct result of Defendants' breaches, Skinovatio has been damaged in an amount to be proven at trial.

## COUNT VI:
## UNFAIR COMPETITION
### (As to All Defendants)

69. Plaintiff realleges and incorporates by reference Paragraphs 1 through 68 hereof.

70. Defendants have engaged and will continue to engage in illegally using and displaying the Skinovatio Mark in violation of the Lanham Act.

71. Defendants improperly use, and will continue to use, Skinovatio's confidential information in furtherance of the operation of Defendants' businesses, which competes directly with Skinovatio of the same location and using the same system and trade secrets as the formerly-licensed businesses.

72. Defendants have and will continue to unfairly profit from using the Skinovatio Mark and good will to confuse, mislead, and/or deceive current and prospective Skinovatio customers into obtaining goods and services from Defendants' business because the location appears to be a Skinovatio business.

73. Through their actions, Defendants are intentionally attempting to deceive Skinovatio's current and prospective customers for Defendants' business gain.

74. As a direct and proximate result of Defendants' actions, Skinovatio has suffered and continues to suffer irreparably injury and is entitled to monetary damages in an amount to be determined at trial.

# COUNT VII:
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (As to All Defendants)

75. Plaintiff realleges and incorporates by reference Paragraphs 1 through 74 hereof.

76. Defendants are using the Skinovatio Mark to identify the services provided from their formerly-licensed location as those of a Skinovatio business.

77. However, Defendants are actually providing the services through a competing business.

78. Defendants' use of the Skinovatio Mark is likely to cause confusion, cause mistake, and/or deceive as to the Guarantors or MT & ZU's affiliation, connection, or association with Skinovatio, or as to the origin, sponsorship, or approval of goods, services, or commercial activities.

79. Defendants have and will continue to use the Skinovatio Mark, goodwill, and confidential information to lure customers who believe that he or she is obtaining services from Skinovatio.

80. The unlawful conduct of Defendants described herein constitutes unfair or deceptive acts or practices in the conduct of trade or commerce in violation of 815 Ill. Comp. Stat. Ann. 705/6, 705/19, and 705/26.

81. As a direct and proximate result of Defendants' wrongful conduct, Skinovatio has suffered damages to the value of the Skinovatio Mark and to customer goodwill.

82. Defendants' acts have been and are being done knowingly and intentionally to cause confusion, to cause mistake, and/or to deceive.

83. As a result, Skinovatio has suffered and continues to suffer irreparable injury and has incurred and continues to incur monetary damages in an amount to be determined at trial.

## COUNT VIII:
## UNJUST ENRICHMENT
### (As to All Defendants)

84. Plaintiff realleges and incorporates by reference Paragraphs 1 through 83 hereof.

85. Defendants have knowingly and intentionally misappropriated confidential information in furtherance of their operation of their business from the same locations and using the same marks, methods of operation, and system.

86. Defendants have used and continue to use the formerly-licensed location as a business offering Skinovatio's unique medical spa treatments to the general public and continue to display the (or marks similar to the) Skinovatio Mark in order to confuse, mislead, and/or deceive others in violation of the Lanham Act.

87. Guarantors are parties to the Franchise Agreement and the Guaranty (and upon information and belief, S. Zuberi operates the franchised business through MT & ZU), and Defendants are aware of contents thereof, such that Skinovatio expects to be compensated and that Defendants should compensate Skinovatio for use of the Skinovatio Mark, confidential information, and goodwill as set forth in the Franchise Agreement.

88. Defendants knowingly retain these benefits, to which they are not rightfully entitled, at the expense and to the damage of Skinovatio.

89. There is no adequate remedy at law that will protect Skinovatio from continued irreparable injury or fully compensate it for the damage caused by Defendants' wrongful conduct.

## COUNT IX:
## VIOLATION OF THE DEFEND TRADE SECRETS ACT
### (As to All Defendants)

90. Plaintiff realleges and incorporates by reference Paragraphs 1 through 89 hereof.

91. The DTSA provides a private civil action for the misappropriation of trade secrets that are related to a product or service used in interstate or foreign commerce.

92. Skinovatio owns numerous trade secrets, including without limitation, its standard operating procedures, vendor lists, form documents, and customer lists, Plaintiff's trade secrets implicate interstate commerce, and each of the Defendants are engaged in interstate commerce.

93. Throughout Plaintiff's existence, Plaintiff has carefully developed and refined its trade secrets, which are key ingredients of their continued success.

94. Plaintiff's trade secrets provide independent economic value as Plaintiff uses the confidential information to procure and maintain customers, through competitive pricing and confidential and proprietary processes and procedures.

95. Plaintiff's confidential information is not generally known and is not readily ascertainable by proper means.

96. Plaintiff has taken extensive measures to preserve and protect its trade secrets for the purpose of maintaining its competitive advantage, and only discloses such information to officers, employees and licensees who have promised to keep the confidential information strictly confidential to only use it in connection with a Skinovatio Business.

97. Plaintiff took steps to prevent disclosure of its confidential information, including, but not limited to mandating those with access sign confidentiality agreements, and preventing its confidential information from being accessed by the public.

98. Defendants have intentionally disclosed Plaintiff's trade secrets to others for their benefit and/or the benefit of third parties with knowledge that such disclosure would harm Plaintiff.

99. As a direct and proximate result of each of the Defendants' willful, improper, and unlawful disclosure of Plaintiff's confidential information, Plaintiff has suffered and will continue

to suffer immediate and irreparable harm. Pursuant to 18 U.S.C. § 1836(b)(3)(B), Plaintiff is entitled to recover damages for its actual losses, and to prevent Defendants' unjust enrichment. Pursuant to 18 U.S.C. § 1836(b)(3)(A), the Court should enjoin Defendants' use and misappropriation of Plaintiff's confidential information.

100. Each of the Defendants' misappropriation of Plaintiff's Confidential Information is willful and malicious, thus warranting an award of exemplary damages under 18 U.S.C. § 1836(b)(3)(C), and an award of reasonable attorneys' fees under 18 U.S.C. § 1836(b)(3)(D).

## **PRAYER**

WHEREFORE, Plaintiff requests judgment with each item of this prayer being for relief additional to, and alternative to each other item and not an election of remedies, as follows:

A. The entry of a preliminary and permanent injunction prohibiting Defendants and their respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and companies, and all others in privity or acting in concert with them, from:

i. Using the Skinovatio Mark and any confusingly-similar marks;

ii. Otherwise suggesting that Defendants are affiliates of, sponsored by, or endorsed by Skinovatio;

iii. Engaging in any other activity constituting unfair competition or trademark infringements;

iv. Operating a competing business offering spa services to the general public (or similar establishment) in Defendants' former Skinovatio licensed locations or within 20 miles thereof, for an indefinite (or reasonable) period, and extending such period for the amount of time during which Defendants are willfully violating their covenants;

      v. Maintaining, using, or disclosing Plaintiff's highly confidential information; and

      vi. Assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated above.

  B. The entry of a preliminary and permanent injunction ordering Defendants to return all manuals and Confidential Information to Plaintiff;

  C. The entry of a preliminary and permanent injunction ordering Defendants to assign their leases, social media accounts, business telephone numbers, and other business assets, to Plaintiff;

  D. Awarding reasonable attorneys' fees and costs pursuant to the Lanham Act;

  F. Awarding interest as allowed by law.

  G. Awarding such other and further relief as the Court deems just and proper.

Dated: November 10, 2025

/s/ George P. Apostolides
George P. Apostolides
Bethany Beaver
**SAUL EWING LLP**
161 North Clark Street, Suite 4200
Chicago, IL 60601
(312) 876-7100
Email: george.apostolides@saul.com
Email: bethany.beaver@saul.com

Brett M. Buterick*
Thomas Emmons*
**THE FRANCHISE FIRM LLP**
225 Wilmington West Chester Pike, Suite 200 Chadds Ford, Pennsylvania 19317
(215) 965-9499
Email: brett@thefranchisefirm.com
Email: tom@thefranchisefirm.com

*Pro hac vice forthcoming*

## VERIFICATION

I, Aleksandra Waibel, being duly sworn, deposes and says:

I am Chief Executive Officer of Plaintiff. I have read the foregoing Verified Complaint and know the contents thereof and state the allegations are true and correct. I base this Verification on my own personal knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true and correct. The grounds of my knowledge, information, and belief, are derived from my position as Chief Executive Officer, my personal involvement in the vents underlying this litigation, and general investigation of the facts and circumstances described in the Verified Complaint, including, without limitation, my review of Plaintiff's records and conversations with Plaintiff's employees.

Dated: November 3, 2025

_____
Aleksandra Waibel, CEO